## CALIFANO, SECRETARY OF HEALTH, EDUCATION, AND WELFARE v. McRAE ET AL.

No. A–46.  Decided July 20, 1977

MR. JUSTICE MARSHALL, Circuit Justice.

Section 209 of Pub. L. 94–439, 90 Stat. 1434, generally prohibits the Secretary of Health, Education, and Welfare from expending federal Medicaid funds for abortions. In the instant case, the United States District Court for the Eastern District of New York enjoined operation of the law. On June 29, 1977, this Court entered the following order:

> "The judgment is vacated and the case is remanded to the United States District Court for the Eastern District of New York for further consideration in light of *Maher* v. *Roe,* 432 U. S. 464 (1977), and *Beal* v. *Doe,* 432 U. S. 438 (1977)."  See 433 U. S. 916.

This is an application for

> "a stay of execution of this Court's vacatur of the district court's injunction of Section 209 of Public Law 94–439 (the 'Hyde Amendment') and/or, in the alternative for a stay as follows:

1301

"1. A stay, pending conclusion of the district court's reconsideration of this case in light of *Maher* v. *Roe*, 432 U. S. 464 (1977), and *Beal* v. *Doe*, 432 U. S. 438 (1977), as ordered by this Court on [June] 29, 1977 in this case. A stay is necessary to prevent irreparable harm during the remand proceedings in the district court and to assure full and effective presentation to and consideration by the district court of the issues left open by this Court's remand order; and/or in the alternative,

"2. A stay, pending the timely filing and disposition in this Court of a petition for rehearing pursuant to Rule 59 (2) of this Court."

It is obvious that in essence applicants seek to have this Court reconsider its order vacating the District Court's judgment, and seek an injunction to protect them during the consideration of a petition for rehearing. It is also clear that the controlling legal precedents bearing on whether to grant rehearing are *Maher* v. *Roe*, 432 U. S. 464 (1977), and *Beal* v. *Doe*, 432 U. S. 438 (1977). I dissented in both of those cases. This Court's Rule 58 governing rehearings provides: "A petition for rehearing . . . will not be granted, *except at the instance of a justice who concurred in the judgment or decision* and with the concurrence of a majority of the court." (Emphasis added.) For that reason I have decided to abstain on this application and suggest that the application be made to one of the Justices "who concurred in the judgment or decision" in *Maher* and *Beal*.